## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | : | Chapter 13 |
| **Vannessa R Butler-Carter,** | : | |
| | : | Case No. 25-10982 (DJB) |
| **Debtor.** | : | |
| | : | |

# O R D E R

**AND NOW,** upon consideration of the Debtor's Objection To Proof Of Claim #6-1 Filed By AmeriCredit Financial Services (the "Objection") [Dkt. No. 26];

**AND,** a hearing having been held on the matter on December 11, 2025;

It is hereby **ORDERED** that the Objection is **OVERRULED**. *

Date: December 15, 2025

_____
**DEREK J. BAKER**
**U.S. BANKRUPTCY JUDGE**

1

## *E N D N O T E

The Debtor seeks to disallow Claim 6 (the "Claim"), alleging that the Claim seeks recovery of a debt beyond the applicable statute of limitations.

The Bankruptcy Code provides that a claim is deemed allowed unless a party objects. 11 U.S.C. § 502(a). When a party objects, the Court must determine whether the claim should be "allowed" because the claim is supported by sufficient evidence of its validity and amount.

The Supreme Court directs that whoever bears the ultimate burden of proof under applicable nonbankruptcy law on validity or amount bears it in the claim objection process in bankruptcy. See Raleigh v. Illinois Dep't of Revenue, 530 U.S. 15, 21 (2000). Therefore, when an objection is interposed, the claimant bears the ultimate burden of proof on the validity of the claim. That means traditional concepts of proof—the "burden of production" requiring sufficient evidence to support a claim and the ultimate "burden of persuasion"—apply. In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992).

While the claimant bears the burden of proof, the Federal Rules of Bankruptcy Procedure provide a "short cut" which allows a claimant to meet the initial burden of production. Rule 3001(c) directs claimants submitting a claim to attach various documentation to support the claim's validity and amount. Rule 3001(f) provides that, if the claim is filed in compliance with the Federal Rules of Bankruptcy Procedure, the filed claim will be *prima facie* evidence of the validity and amount of the claim. Here, the Claim attaches various documents including a Judgment entered against the Debtor in the Pennsylvania Court of Common Pleas of Delaware County. [See Dkt. No. 26-1, p. 9]. The Claim, as filed, is *prima facie* valid for the amount alleged.

After a claim is determined to be *prima facie* valid, the burden shifts to the objector to prove out an affirmative defense or disprove an element of liability. Id. If the objector then

produces evidence sufficient to refute at least one of the allegations essential to the claim's legal sufficiency or to raise an affirmative defense, the burden shifts back to the claimant to prove the ultimate validity of the claim by a preponderance of the evidence. Id. at 174.

Section 502(b)(1) of the Bankruptcy Code provides that a claim shall be disallowed if the claim is unenforceable against the debtor and property of the debtor under applicable law. While still a right to payment in the most basic sense, a right to payment which can no longer be enforced due to the passage of the applicable statute of limitations is subject to disallowance under § 502(b)(1) of the Bankruptcy Code. See Midland Funding LLC v. Johnson, 581 U.S. 224, 230 (2017) (The Bankruptcy Code "make[s] clear that the running of a limitations period constitutes an affirmative defense, a defense that the debtor is to assert after a creditor makes a 'claim.'"). Here, the Claim is based on a Judgment, and the Debtor asserts that because the Judgment was not timely revived, as required under applicable non-bankruptcy law, the Claim is no longer enforceable.

Under Pennsylvania law, judgments only act as liens against real estate for a period of five (5) years and, to preserve the enforceability of said lien, said judgment must be revived every five (5) years. See 42 Pa.C.S. § 5526(1); see also Pa. R.C.P. Nos. 3023(c) & 3027. However, here, the Claim does not seek enforcement against real estate—it does not even purport to be a secured debt. Rather, the Claim seeks only *in personam* liability against the Debtor. The statute of limitations for enforcement of a judgment against the Debtor (unrelated to real estate) is 20 years. 42 Pa.C.S. § 5529.

Because the Judgment upon which the Claim is based is less than 20 years old, the Claim is not barred by any applicable statute of limitations and is not unenforceable against the Debtor. The Debtor has not carried her burden to establish an affirmative defense or to disprove an

element of the Claim. Therefore, the Claim remains *prima facie* valid and the Objection must be overruled.